

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00008-CV
_____

IN THE MATTER OF THE MARRIAGE OF SAMANTHA RAEJON DOWNS AND ETHAN
SAHEN DOWNS AND IN THE INTEREST OF P.A.D. AND Q.P.D., CHILDREN

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CV05950

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin
Dissenting Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

This is a divorce case with parents battling over their children. Mother, Samantha RaeJon Downs, acting pro se, appeals the trial court's final judgment in all respects except one: the grant of divorce from Father, Ethan Sahen Downs.

Mother urges that the trial court did not give her forty-five days' notice of a first trial setting, as required by Rule 245 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 245. The record contains a trial setting at the outset of the case, but neither party addresses it on appeal; both Mother and Father treat a subsequent trial setting as though it is the first. The Texas Supreme Court, in a decision not brought to the attention of the trial court, has held that the protections afforded by Rule 245 are a matter of constitutional due process, which can be waived, but only under a "voluntary, knowing, and intelligently" standard. *In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014). Absent such waiver, a failure to move for continuance (or to properly move for continuance) does not bar an appellate complaint regarding lack of notice under Rule 245. *See id.* at 119–120. Due to circumstances described herein, there was never a hearing in the trial court where both parents appeared and testified to what, in their respective views, was in the best interests of the children, P.A.D. and Q.P.D.[1]

All things considered, then, we affirm in part and reverse in part the trial court's final judgment and remand to the trial court for further proceedings consistent with this opinion.

---

[1] We use the children's initials to protect their identities. *See* TEX. R. APP. P. 9.8.

I.     Background

A.     In the Trial Court

Mother filed for divorce in the 6th Judicial District Court of Red River County on April 7, 2025.  That same day, the record contains letters from the district clerk to Mother and Father notifying them of a trial setting on June 9, 2025.  But there is nothing in the record documenting that either Mother or Father received the letter.  Nothing in the record indicates what became of that trial setting.

On September 3, 2025, Father counter-petitioned, and asked for temporary orders.  The counter-petition, however, does not contain a certificate of service.  On September 4, 2025, Mother filed a notice of nonsuit.  In light of Father's counter-petition, the attempted nonsuit did not terminate the case.  On September 8, 2025, the trial court heard Father's request for temporary orders.  Father testified that he believed Mother had taken the children out of the state, and was not responding to his requests for information about their whereabouts and wellbeing.  From the bench, the trial court ordered Mother to return the children to Father.  The trial court entered written temporary orders to that effect on September 10, 2025.  On September 12, and again on September 26, 2025, Mother filed motions seeking relief from the temporary orders, asserting that she did not have notice of the September 8 hearing.  What is more, Mother's filings set forth that she was in California on September 8 obtaining ex parte orders against Father.  On September 29, 2025, the trial court denied Mother's motions seeking relief from the temporary orders and set a hearing for October 14, 2025.  The notice of setting indicated that the trial court

would hear Mother's request for protection from Father, and that the trial court could modify the temporary orders. Mother's counsel entered a written appearance on October 2, 2025.

Mother did not appear at the hearing on October 14, 2025. Mother's counsel represented that the children were in California. Rather than denying relief to Mother due to her non-appearance, the trial court granted a continuance to Mother. The trial court assured Mother's counsel that Mother's contentions would have been heard if she had shown up, but that it would not consider them on an ex parte basis. The trial court also ordered, again, that the children be brought back to Texas and returned to Father within forty-eight hours of its order.

Mother did not return the children to Father. On October 23, 2025, the trial court granted Father's motion for a writ of attachment and issued the writ, finding Mother in violation of the trial court's written order of September 10, 2025, and the trial court's order from the bench from the October 14, 2025, hearing. On November 18, 2025, Mother attempted to challenge the writ of attachment via a petition for a writ of mandamus in this Court. On November 25, 2025, this Court denied that petition for non-compliance with the requisites of petitions for extraordinary relief. On December 2, 2025, the trial court set the case for final hearing on December 11, 2025. Mother, through counsel, filed a written objection to this setting. Mother's objection did not cite Rule 245, but did assert that parties are entitled to forty-five days' notice of first trial settings. Mother's counsel, with Mother's approval and the approval of the trial court, withdrew. The trial court held the final hearing on December 11, 2025. The trial court stated that it was ready to hear from Mother. Mother did not appear. The trial court heard testimony from Father.

4

Mother now appeals the trial court's final judgment, which issued on December 22, 2025.[2]

## B.     On Direct Appeal

Mother's notice of appeal states that she does not appeal the grant of divorce from Father, but she does appeal "all other portions" of the trial court's final order. Mother's opening brief is more focused: it asserts that she was not provided notice consistent with constitutional due process. Mother complains of both the temporary orders issued after the September 8, 2025, hearing and the final judgment issued on December 22. She contends that "The Final Decree . . . incorporated conservatorship, possession, geographic restriction, and support provisions consistent with the prior temporary rulings." Mother's opening brief contains no table of cases because it cites no case.

Father's brief contends that: (1) Mother's complaints regarding temporary orders were rendered moot by entry of the final judgment; (2) Mother had notice of the trial setting; and (3) Mother's objection to the trial setting did not satisfy the requirements of a motion for continuance.

Mother's reply brief specifically cites Rule 245. As with the opening brief, Mother's reply brief cites no caselaw precedents. Mother concedes that, through counsel, she had notice

---

[2]Mother has been before this Court three additional times. She has twice petitioned us for a writ of mandamus, which we denied because Mother's petitions did not meet the requisites of the Texas Rules of Appellate Procedure. *In re Downs*, No. 06-25-00120-CV, 2025 WL 3276419, at *1 (Tex. App.—Texarkana Nov. 25, 2025, orig. proceeding) (mem. op.); *In re Downs*, No. 06-25-00127-CV, 2025 WL 3769272, at *1 (Tex. App.—Texarkana Dec. 23, 2025, orig. proceeding) (mem. op.). Mother filed a third petition for a writ of mandamus, which we denied because she failed to demonstrate that she lacked an adequate remedy at law, one of the requirements for entitlement to a writ of mandamus. *In re Downs*, No. 06-25-00137-CV, 2026 WL 128549, at *1 (Tex. App.—Texarkana Jan. 16, 2026, orig. proceeding) (mem. op.).

of the December 11, 2025, trial setting.  Mother contends that the final judgment was "affected" by earlier case events and "incorporates determinations regarding conservatorship, possession, support, and related rights that were made following proceedings conducted in [Mother's] absence."

Neither Father's brief nor Mother's briefs speak to what is in the best interest of the children:  quite literally, the words "best interests" are nowhere to be found in any of their briefs.

## II.    Substantive Law

"The best interest of the child[ren] *shall* always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child[ren]." TEX. FAM. CODE. ANN § 153.002(a) (Supp.) (emphasis added).  "We recognize the serious policy reasons underlying the [Texas] Family Code's numerous references to  . . . child[ren]'s best interest and agree that  . . . child[ren]'s best interest should *always* be the *paramount* concern when adjudicating custody and access issues."  *In re Lee*, 411 S.W.3d 445, 459 n.20 (Tex. 2013) (orig. proceeding) (emphasis added).

"The due process right to notice prior to judgment is subject to waiver."  *In re K.M.L.*, 443 S.W.3d at 119.  "But such waiver must be voluntary, knowing, and intelligently waived." *Id.  In re K.M.L.* dealt specifically with the notice requirement of Rule 245.  *Id.* at 118 (citing TEX. R. CIV. P. 245).  "A trial court's failure to comply with the notice requirements in a contested case deprives a party of h[er] constitutional right to be present at the hearing and to voice h[er] objections in an appropriate manner, resulting in a violation of fundamental due process." *Id.* at 119.

6

Failure to properly file a motion for continuance does not, of itself, show such waiver. *Id.* at 120. In *In re K.M.L.*, a pro se father attended trial on the petition of the Texas Department of Family and Protective Services, to terminate his parental rights. *Id.* at 119. But he attended under subpoena and denied receiving notice of the trial setting. *Id.* He did not move for continuance. *Id.* Nonetheless the court held that Father had not waived his due process right to reasonable notice of the trial setting. *Id.* at 120. The court reversed, and remanded for a new trial. *Id.* Remand for a new trial restored that Father "to the position he would have occupied had due process of law been accorded to him in the first place." *Id.* (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Even failure to attend trial may not demonstrate waiver of notice under Rule 245. *Highsmith v. Highsmith*, 587 S.W.3d 771, 777–78 (Tex. 2019) (per curiam); *Matter of Marriage of Guggenheim*, No. 06-24-00033-CV, 2024 WL 4486180, *2 (Tex. App.—Texarkana Oct. 15, 2024, no pet.) (mem. op.). In *Highsmith*, a divorcing couple entered into a statutory marital settlement agreement (MSA). *Highsmith*, 587 S.W.3d at 777–78; *see* TEX. FAM. CODE. ANN. § 6.602. The husband appeared, MSA in hand, at an uncontested case-docket call in the trial court. *Highsmith*, 587 S.W.3d at 774. The trial court entered final judgment on the MSA without providing notice to the wife pursuant to Rule 245. *Id.* The Texas Supreme Court, however, held that "while a hearing to prove up an MSA may often be uneventful, that is certainly not always the case: judgment on an MSA is not automatic. Parties challenging an MSA may still avail themselves of applicable statutory defenses or otherwise argue that the agreement should be set aside." *Id.* at 778. For that reason, and because the MSA arose in a case

7

where the wife had filed a general denial to the husband's allegations, the case was contested. *Id.* Consequently, the wife was entitled to notice. *Id.* "Because [wife] did not receive the notice to which she was entitled under both the Constitution and the procedural rules, the trial court erred in rendering judgment on the MSA *in her absence*, and we agree with the court of appeals that the case must be remanded." *Id.* (emphasis added).

During the pendency of a suit affecting the parent-child relationship, "[t]he court may make and modify temporary orders 'for the safety and welfare of the child[ren],' including an order 'restraining a party from removing the child[ren] beyond a geographical area identified by the court.'" *In re Tex. Dep't of Fam. & Protective Servs.*, 255 S.W.3d 613, 615 (Tex. 2008) (per curiam) (orig. proceeding) (quoting TEX. FAM. CODE ANN. § 105.001(a)) (footnote omitted) (citations omitted). "[I]nterim orders, while not final, are nonetheless enforceable." *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019) (citing TEX. FAM. CODE ANN. § 105.001(f)).

"[T]he trial court's final judgment in this proceeding rendered Mother's complaints about the temporary orders moot." *In re J.J.R.S.*, 627 S.W.3d 211, 226 (Tex. 2021); *In re D.R.*, 631 S.W.3d 826, 836 (Tex. App.—Texarkana 2021, no pet.); *In re E.R.C.*, 496 S.W.3d 270, 279 (Tex. App.—Texarkana 2016, pet. denied).

## III. Standard of Review

Mother asserts that the standard of review is de novo, but cites no case in support of this contention. Father's brief does not set forth a standard of review.

8

Both *In re K.M.L.* and *Highsmith* appear to address notice as a question of law. *See In re K.M.L.*, 443 S.W.3d at 119–20; *Highsmith*, 587 S.W.3d at 777–78. We do so as well, noting that we decide this on authorities which were not provided to the trial court.

## IV.    Analysis

There has yet to be a hearing where both parents appear and testify in court regarding what is in the best interests of these children. We reverse for lack of Rule 245 notice, and remand for a new trial.

It is undisputed that on December 2, 2025, the trial court set the case for trial on December 11, 2025. Perhaps the trial court did so believing that this was actually a second trial setting.[3] But both parties treat the December 2025 trial setting as the first trial setting. We

---

[3]Due process counsels against terminating Mother's appeal using an argument she has never had a chance to respond to, namely, the argument that the trial court's April 7, 2025, letter controls the outcome of the case. That argument was made against her for the first time, and sua sponte, in the dissent herein. Mother's receipt of the April 7 letter, or not, is a question raised only by the dissent. Father did not make that argument in the trial court, and does not make it here on appeal. At the December 11, 2025, trial, the trial court took "judicial notice of the file and all its contents." Being aware of both the April 7 letter and Mother's Rule 245 objection, the trial court was in a position to put on the record that the December setting was, for certain, the second properly-noticed trial setting. The trial court did not do so.

In light of Texas Supreme Court authority regarding Rule 245 in the regular appeal context, we do not view this regular appeal as being controlled by intermediate court decisions from the restricted appeal context. *Compare In re K.M.L.*, 443 S.W.3d at 119–20, *and Highsmith*, 587 S.W.3d at 777–78, *with Lam v. Wichita Cnty.*, No. 07-25-00143-CV, 2025 WL 3182078, at \*1 (Tex. App.—Amarillo Nov. 13, 2025, pet. filed) (mem. op.) ("restricted appeal"), *and Blanco v. Bolanos*, 20 S.W.3d 809, 810 (Tex. App.—El Paso 2000, no pet.) ("restricted appeal"). Restricted appeals differ from regular appeals. *See Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 696 (Tex. 2026). Whether under restricted appeal, or the prior writ of error practice, one of the requirements is that error be "apparent from the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 847 (Tex. 2004) ("restricted appeal"); *Gen. Elec. Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 943 (Tex.1991) ("writ of error"). "The [error apparent from the face of the record] requirement derives from case law and is not included within [Rule 30 of the Texas Rules of Appellate Procedure's] requirements." *Ex parte E.H.*, 602 S.W.3d at 495. "Its history is murky, but it generally derived from both English and Spanish appellate practices." *Id.* (citing *Seguin v. Maverick*, 24 Tex. 526, 533–35 (1859)). "The two coexisting methods of appellate review [regular appeal and writ of error (now restricted appeal)] appear to be due to early attempts by the Supreme Court and the Legislature of the Republic of Texas to reconcile English common-law traditions with institutions derived from

9

decide the question on that basis.[4]  Given that the children and their best interests are the overriding concern, we elect to overlook what is arguably briefing waiver by both parents.[5]

We find that Mother's complaints regarding the trial court's temporary orders are moot. *See In re J.J.R.S.*, 627 S.W.3d at 226.

We find that Mother was entitled to, but did not receive, the notice required by Rule 245. *See In re K.M.L.*, 443 S.W.3d at 119–20; *Highsmith*, 587 S.W.3d at 777–78.[6]  We find that

---

Spanish civil law." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 588–89 (Tex. 1996) (citing *Taylor v. Duncan*, Dallam 514, 516 (Tex. 1843); *Bailey v. Haddy*, Dallam 376, 378 (Tex. 1841)).

It is in the restricted appeal context that the Texas Supreme Court has said, "[T]he rules do not impose upon the clerk an affirmative duty to record the mailing of the required notices; accordingly, the absence of proof in the record that notice was provided does not establish error on the face of the record." *Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (per curiam) (citing *Alexande*r, 134 S.W.3d at 849 (quoting *Falcon Ridge Apts.*, 811 S.W.2d at 944)).  In a restricted appeal concerning a default judgment, a five-justice concurrence emphasized the importance of due process concerns. *Shamrock Enters., LLC*, 728 S.W.3d at 702–03 (Tex. 2026) (Blacklock, C.J., concurring, joined by Lehrmann, Busby, Young, and Sullivan, JJ.) ("As a matter of both basic fairness and basic constitutional law, any court asked to render a default judgment should require the plaintiff to explain the steps it took to actually notify the defendant after learning that its initial efforts failed. *Irrespective of any statutes or procedural rules* about service of process, a party who can take further reasonable, low-cost steps to provide actual notice of a lawsuit but does not do so should never be permitted to obtain a default judgment in a Texas court." (emphasis added)).

[4]"The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) (quoting *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring)).

[5]"Courts must broadly construe issues to reach all core and substantive questions such that the merits of an appeal are addressed when reasonably possible to provide the party with a meaningful appeal." *In re Z.M.M.*, 577 S.W.3d 541, 542–43 (Tex. 2019) (per curiam).  Further, briefing waiver is disfavored:  "[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015) (quoting *Republic Underwriters Ins. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004)); *see Gill v. Hill*, 688 S.W.3d 863, 869 (Tex. 2024) ("[B]riefs do not have to perfectly articulate every point of law to preserve arguments that are fairly subsumed in the issue addressed.").

[6]Father's citations on this point are unavailing as they are intermediate court of appeals decisions which predate *In re K.M.L.* and *Highsmith*.

Mother's complaint regarding Rule 245 was preserved. *See In re K.M.L.*, 443 S.W.3d at 119–20.[7]

We therefore reverse in part the trial court's final judgment and remand.

But remand for what? Mother did not appeal the entirety of the trial court's final judgment. When this opinion began, Mother's complaints about temporary orders were moot because there was a final judgment. But now, this Court has reversed in part the trial court's final judgment.

## V. Acceptance of Benefits and Scope of Remand

In this Court, Mother "requests remand so that these matters [(questions other than dissolution of the marriage)] may be adjudicated after proper notice and opportunity to be heard." We remand this matter to the trial court for consideration of all matters other than dissolution of the marriage. *See* TEX. R. APP. P. 43.2(d), 43.3.

Other than the fact that Mother and Father are now divorced, we put them, their children, and the trial court in the position they were in as of the morning of December 2, 2025, before the

---

[7]The dissent, sua sponte, finds a lack of preservation of complaints regarding the April 7, 2025, letter. Neither Mother nor Father mention that letter in their briefs (and having not mentioned it, Mother lodges no complaint about it). The dissent relies on *DePriest v. DePriest*, No. 14-24-00556-CV, 2026 WL 774095, at *2 (Tex. App.—Houston [14th Dist.] Mar. 19, 2026, no pet.) (mem. op.) (citing *Abend v. Fed. Nat'l Mortg. Ass'n*, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.)). Those cases, and others like them, are consistent with *In re K.M.L.*'s holding that, depending on circumstances, a motion for continuance is not always necessary to preserve Rule 245 and constitutional due process arguments for appeal. *See In re K.M.L.*, 443 S.W.3d at 119–20; *De Priest*, 2026 WL 774095, at *2; *Abend*, 466 S.W.3d at 866; *In re Dorner*, No. 06-14-00005-CV, 2014 WL 3737961, at *1–2 (Tex. App.—Texarkana June 6, 2014, no pet.) (mem. op.); *In re B.D.M.*, No. 12-23-00313-CV, 2024 WL 3084425, at *2 (Tex. App.—Tyler June 21, 2024, no pet.) (mem. op.) (citing *In re Dorner*, 2014 WL 3737961, at *2). Mother complains of the final decree of divorce stemming from the December 11, 2025, trial. These cases support preservation by Mother. Whether Mother's complaints against the final decree of divorce stand or fall on the merits, given the trial court's April 7 letter, is a separate question. As set forth supra note 3, due process concerns counsel against the sua sponte use of the trial court's April 7 letter to doom Mother's case.

11

trial court issued the setting in violation of Rule 245. As of that moment, Mother was subject to trial court orders calling for the return of the children to Texas.

Generally speaking, a party must appeal all of a judgment, or none of it: "A litigant cannot treat a judgment as both right and wrong, and if [s]he has voluntarily accepted the benefits of a judgment, [s]he cannot afterward prosecute an appeal therefrom." *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950). "Litigants cannot enjoy the fruits of a judgment while simultaneously challenging its validity. This has been the law in Texas for more than 150 years." *Kramer v. Kastleman*, 508 S.W.3d 211, 217 (Tex. 2017) (footnote omitted) (citation omitted). "[This] doctrine's equitable objective of precluding an appeal when a litigant's actions are inconsistent with a claim of error furthers finality, preserves scarce judicial resources, and guards against gamesmanship." *Id.* at 218. The doctrine has "equitable underpinnings." *Id.* at 213. The doctrine is not absolute; it "bars an appeal *if* the appellant voluntarily accepts the judgment's benefits *and the opposing party is thereby disadvantaged*." *Id.* at 217 (emphasis added). Some courts have treated the acceptance-of-benefits doctrine as a matter of appellant's standing, which, if lacking, renders the appeal moot and divests the appellate court of jurisdiction. *See, e.g.*, *F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 332 (Tex. App.—El Paso 2013, no pet.). *Kramer*, though, treated the doctrine as a matter dependent on the action of the parties. *Kramer*, 508 S.W.3d at 217 ("The burden of proving an estoppel rests on the party asserting it, and the failure to prove all essential elements is fatal."). If the doctrine is jurisdictional in the present context, "we must consider our jurisdiction, even if that consideration is sua sponte." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (per curiam).

12

We assume without deciding that the acceptance-of-benefits doctrine presents a jurisdictional question.[8] In addition, we examine the implications for remand of Mother's notice of appeal accepting the dissolution of the marriage but appealing the final judgment in all other respects. *See* TEX. R. APP. P. 43.2(d), 43.3.

We begin with the dissolution of the marriage. Mother accepts the portion of the trial court's order divorcing her from Father. Given Father's counter-petition for divorce, it appears that Father does as well. This has two consequences. First, under these circumstances, Mother's acceptance of the dissolution of the marriage does not divest her of standing to appeal other aspects of the trial court's final judgment, nor does it divest this Court of jurisdiction to hear her appeal. *See Kramer*, 508 S.W.3d at 232 ("[A] merits-based disposition must not be denied absent disadvantage to the opposing party and circumstances reflecting clear intent to acquiesce in the judgment's validity."). Second, we affirm the trial court's dissolution of the marriage, thereby granting in part the trial court's final judgment.

As for remand, other than the fact that Mother and Father are now divorced, we put them, their children, and the trial court in the position they were in as of the morning of December 2, 2025, before the trial court issued the setting in violation of Rule 245.[9] As of that moment, and thus until and as of now, Mother was and is subject to trial court orders calling for the return of their children.

---

[8]If it is indeed a jurisdictional question, one might normally expect it to be addressed at the outset. Here, an understanding of the procedural background is beneficial before consideration of acceptance-of-benefits, and further, the acceptance-of-benefits analysis is pertinent to the scope of remand.

[9]That is the procedural posture. Factually, we remand all determinations to the trial court, regardless of when the facts arose (including during the pendency of this appeal).

## V. Conclusion

We affirm in part and reverse in part the trial court's final judgment, and remand this matter to the trial court for further proceedings consistent with this opinion.

Jeff Rambin
Justice

DISSENTING OPINION

For the reasons below, I respectfully dissent from the majority opinion.

The sole issue before this Court, as presented in Mother's opening brief, is whether she received adequate notice of the September 8, 2025, hearing. Mother's argument asserts that the September 8, hearing resulted "in orders naming [Father] primary conservator, imposing a geographic restriction, ordering delivery of the children, and setting substantial monthly child support obligations." In her opening brief, Mother does not mention nor complain about lack of proper notice of the final trial on December 11, 2025, where the trial court heard evidence and rendered a final decree of divorce.

## I. September 8 Hearing

On September 3, 2025, Father filed his counter-petition for divorce and sought temporary orders regarding Mother and Father's children. On September 4, Mother filed a non-suit of her petition against Father. The trial court heard Father's motion for temporary orders on September 8. Mother was not present at the hearing on September 8. Finding that there was an emergency

14

need regarding the children's safety, the trial court entered temporary orders, including an order to Mother to deliver the children to Father.

In her brief, Mother complains that the trial court did not provide her with notice of the hearing on Father's motion for temporary orders, and as such, she requests the orders be vacated. However, Mother's request is rendered moot by the entry of a final order. The trial court's temporary orders stemming from the September 8 hearing stated that "[t]hese Temporary Orders shall continue in full force and effect until the signing of the Final Decree of Divorce or until further order of this [trial court] or another court of competent jurisdiction." The final decree of divorce was filed on December 22, 2025. "Because the trial court has rendered a final judgment, . . . Mother's complaints about the temporary orders . . . and the temporary orders themselves are now moot and not subject to appeal." *In re B.W.S.*, No. 05-20-00343-CV, 2022 WL 2712494, at *4 (Tex. App.—Dallas July 13, 2022, no pet.) (mem. op., nunc pro tunc) (citing *In re A.K.*, 487 S.W.3d 679, 684 (Tex. App.—San Antonio 2016, no pet.); *Wright v. Wentzel*, 749 S.W.2d 228, 234 (Tex. App.—Houston [1st Dist.] 1988, no pet.); *Mauldin v. Clements*, 428 S.W.3d 247, 262 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Because a final order has been entered in this case, Marca's challenges to the temporary orders are moot."); *Coleman v. Tex. State Dep't of Pub. Welfare*, 562 S.W.2d 554, 556 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.) ("Upon the entry of the final judgment, the force and effect of a temporary order ceased.")). As such, I would overrule Mother's sole issue on appeal.

15

## II. December 11 Final Trial

As referenced above, Mother neither mentions nor complains of a lack of proper notice of the final trial in her opening brief. It is not until her reply brief that Mother makes the argument the majority addresses: Whether Mother had proper notice, pursuant to Rule 245, of the December 11 final trial. However, this argument comes too late, and I would not consider it. *See* TEX. R. APP. P. 38.1(f), 38.3; *Tijerina v. Wysong*, No. 14-15-00188-CV, 2017 WL 506779, at *4 (Tex. App.—Houston [14th Dist.] Feb. 7, 2017, no pet.) (mem. op.); *Bray v. Fenves*, No. 06-15-00075-CV, 2016 WL 3083539, at *5 (Tex. App.—Texarkana Mar. 24, 2016, pet. denied) (mem. op.). This is because "[a]n appellant is not permitted to raise an issue in a reply brief that was not included in the original brief." *In re Marriage of Bills*, No. 06-14-00056-CV, 2014 WL 5585778, at *3 n.5 (Tex. App.—Texarkana Nov. 4, 2014, no pet.) (mem. op.) (citing *Tipps v. Chinn Expl. Co.*, No. 06-13-00033-CV, 2014 WL 4377813, at *4 (Tex. App.—Texarkana 2014, Sept. 5, pets. denied) (mem. op.)).

Father did briefly address this issue in his brief, and an "appellant may file a reply brief addressing any matter in the appellee's brief." TEX. R. APP. P. 38.3; *Gamboa v. Gamboa*, 383 S.W.3d 263, 274 (Tex. App.—San Antonio 2012, no pet.). Even so, "[t]he Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief.'" *Jennings v. Jennings*, 625 S.W.3d 854, 868 (Tex. App.—San Antonio 2021, pet. denied) (alteration in original) (quoting *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pets. denied) (citing *In re Commitment of Gipson*, 580 S.W.3d 476, 488 n.6 (Tex.

App.—Austin 2019, no pet.); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pets. denied))).

However, to the extent Mother's brief can be liberally construed to challenge the notice as to the December 11 final trial, I would also overrule that issue. In her reply brief, Mother asserts that she intended to challenge the final decree of the trial court because she did not receive adequate notice pursuant to Rule 245. *See* TEX. R. CIV. P. 245. Rule 245 provides that a "[trial court] may set contested cases on [the court's own motion or upon] written request of any party" "with reasonable notice of not less than forty-five days to the parties of a first setting for trial." TEX. R. CIV. P. 245. "The forty-five day notice provision is mandatory." *Templeton Mortg. Corp. v. Poenisch*, No. 04-15-00041-CV, 2015 WL 7271216, at \*2 (Tex. App.—San Antonio Nov. 18, 2015, no pet.) (mem. op.) (citing *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.)). "Failure to give the notice, when required, results in a violation of fundamental due process." *Id.* (citing *In re K.M.L.*, 443 S.W.3d at 119–20; *Custom-Crete, Inc.*, 82 S.W.3d at 659).

Rule 245 also goes on to state, "[P]rovided, however, that when a case previously has been set for trial, the [trial court] may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties." TEX. R. CIV. P. 245.

The December 11 final trial setting was not the first trial setting in this case. Mother filed her original petition for divorce on April 7, 2025, and on that same date, the clerk's record reflects that the trial court set the matter for a "FINAL DIVORCE HEARING" on June 9, 2025,

at 9:00 a.m. The record shows two letters, one addressed to Mother and the other to Father, with a copy to Mother, notifying them of the final hearing date.

As the majority points out, this first trial setting of June 9, 2025, came and went. But simply because the parties do not address it does not remove its existence. While neither party addresses whether notice was properly received as to the June 9 setting, "it is presumed that the trial court will hear a case only when notice has been given to the parties." *Blanco*, 20 S.W.3d at 811 (citing *Turner v. Ward*, 910 S.W.2d 500, 505 (Tex. App.—El Paso 1994, no writ)). "To overcome this presumption, an appellant must affirmatively show a lack of notice." *Id.* (citing *Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism'd); *Turner*, 910 S.W.2d at 505). "This burden is not discharged by mere allegations, unsupported by affidavits or other competent evidence, that proper notice was not received." *Id.* (citing *Hanners*, 860 S.W.2d at 908).

"The rules of procedure do not impose a duty on the trial court or its personnel to include documentary evidence in the record that notice of a trial setting was given." *Lam*, 2025 WL 3182078, at *2 (citing *Garcia v. Arbor Green Owners Ass'n*, 838 S.W.2d 800, 803 (Tex. App.—Houston [1st Dist.] 1992, writ denied)). "Consequently, if the record is silent as to whether notice of a trial setting was given, no error appears on the face of the record." *Id.* (citing *Garcia*, 838 S.W.2d at 803). "However, if a judgment is effectively rebutted by other evidence in the record, this presumption of proper notice is no longer taken as true." *Id.* (citing *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)).

> While a court must provide 'reasonable notice of not less than forty-five days to the parties of a first setting for trial,' [TEX. R. CIV. P.] 245, a party must

timely and specifically object to the first trial setting on the basis of insufficiency
of notice to preserve such a complaint for review.

*DePriest*, 2026 WL 774095, at *2 (citing *Abend*, 466 S.W.3d at 886; *Keith v. Keith*, 221 S.W.3d 156, 163 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).  Mother never raised an objection to the first trial setting on the basis of insufficient notice.  As such, Mother has not demonstrated that she has preserved this complaint.  *See* TEX. R. APP. P. 33.1(a).

Here, although Mother did file an objection to the final trial setting on December 11, claiming that she did not receive reasonable notice under Rule 245, nothing shows that Mother's notice of the second trial date was unreasonable.

As a result, I would affirm the judgment of the trial court.


Scott E. Stevens
Chief Justice


Date Submitted:     April 20, 2026
Date Decided:       July 1, 2026


19